DUANE BEATY
REG. NO. 55887-054
FTC OKLAHOMA CITY
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK  73189

September 16, 2022

Ms. Ruby J. Krajick
Clerk of Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE:  *Beaty v. United States*
           Civil No. 1:22-cv-_____
           Crim No. 1:03-cr-01364-LAK-2

Dear Ms. Krajick:

    Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support thereof. Please submit these documents to the Court.

    Thank you for your assistance in this matter.

                          Sincerely,

                          DUANE BEATY
                          Appearing *Pro Se*

*Encl. as noted*

AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of New York (Foley Square) |
|---|---|---|
| **Name** (under which you were convicted): <br> Duane Beaty | | **Docket or Case No.:** <br> 1:03-cr-01364-LAK-2 |
| **Place of Confinement:** <br> FCI Jesup | | **Prisoner No.:** <br> 55887-054 |
| UNITED STATES OF AMERICA <br> v. | | **Movant** (include name under which convicted) <br> DUANE BEATY |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court
    Southern District of New York
    Foley Square Division

    (b) Criminal docket or case number (if you know):   1:03-cr-01364-LAK-2

2.  (a) Date of the judgment of conviction (if you know):   6/14/2006

    (b) Date of sentencing:   6/2/2006

3.  Length of sentence:   Life Imprisonment

4.  Nature of crime (all counts):

    Ct 1ss: Conspiracy to Commit Hobbs Act Robbery; Ct 2ss: Attempted Hobbs Act Robbery; Ct 3ss charged Beaty with Brandishing a Firearm in Furtherance of a Crime of Violence; Ct 4ss charged Beaty with Causing an Individual's Death Through the Use of a Firearm; Ct 5ss charged Beaty with Conspiracy to Distribute and Possess with Intent to Distribute Quantities of Cocaine Base and Marijuana; and Ct 6ss charged Beaty with Using, Carrying, and Possessing Firearms in Furtherance of a Drug Trafficking Crime.

5.  (a) What was your plea?  (Check one)

    (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    Pleaded guilty on Counts 1ss, 2ss, 3ss, 4ss, 5ss, and 6ss of the Superseding Information.

6.  If you went to trial, what kind of trial did you have?  (Check one)   Jury ☐   Judge only ☑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8.  Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9.  If you did appeal, answer the following:

    (a) Name of court:    United States Court of Appeals for the Second Circuit

    (b) Docket or case number (if you know):    No. 06-3014

    (c) Result:   Affirmed

    (d) Date of result (if you know):    11/29/2007

    (e) Citation to the case (if you know):

    (f) Grounds raised:

Beaty's sole argument on appeal is that his sentence is substantively unreasonable.

    (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐        No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐        No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4)  Nature of the proceeding:

        (5)  Grounds raised:

AO 243 (Rev. 01/15)

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐      No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:




(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐      No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:      Yes ☐      No ☐

(2)   Second petition:   Yes ☐      No ☐

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:




12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** Beaty's § 924(c) conviction must be vacated for resentencing because his underlying offenses of conspiracy and attempted Hobbs Act robbery no longer categorically qualify as a "crime of violence."

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In light of United States v. Taylor, Case No. 20-1459 2022 U.S. LEXIS 3017 (June 21, 2022), Beaty's § 924(c) conviction must be vacated for resentencing because the underlying predicate offenses of "conspiracy to commit Hobbs Act robbery" and "attempted Hobbs Act robbery" no longer categorically qualify as a "crime of violence".

Please See Memorandum of Law in Support.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Existence of a new retroactive rule of law in Taylor-- was only decided on June 21, 2022.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

AO 243 (Rev. 01/15)                                                                                              Page 6

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   Beaty's § 924(c) conviction must be vacated for resentencing because the underlying predicate offense of "narcotics conspiracy" is not a "controlled substance offense".

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In light of United States v. Norman, 935 F.3d 232, 237-38 (4th Cir. 2019), Beaty's § 924(c) conviction must be vacated for resentencing because the underlying predicate offense of "narcotics conspiracy" is not a "controlled substance offense".

See Memorandum of Law in Support.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

Existence of a new substantive rule of law in Norman, which was only decided in 2019.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(3)   Did you receive a hearing on your motion, petition, or application?
        Yes ☐       No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?
        Yes ☐       No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐       No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND THREE:** _____


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(3)   Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:

Henry J. Steinglass, Law Office of Henry J. Steinglass, 299 Broadway, Suite 1802, NY, NY 10007

(b)  At the arraignment and plea:

Ronald Leon Garnett, Law Offices of Ronald L. Garnett, 299 Broadway, Suite 1601, New York, NY 10007

(c)  At the trial:

N/A

(d)  At sentencing:

Ronald Leon Garnett, Law Offices of Ronald L. Garnett, 299 Broadway, Suite 1601, New York, NY 10007

(e)  On appeal:

Ronald Leon Garnett, Law Offices of Ronald L. Garnett, 299 Broadway, Suite 1601, New York, NY 10007

(f)  In any post-conviction proceeding:

N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☑

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:



(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☑

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Existence of a new retroactive rule of law in Taylor and Norman-- which was decided on June 21, 2022 and in 2019 respectively.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
        (1)    the date on which the judgment of conviction became final;
        (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Beaty respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,


DUANE BEATY
REG. NO. 55887-054
FTC OKLAHOMA CITY
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK  73189
Appearing *Pro Se*

## DECLARATION OF DUANE BEATY

I, Duane Beaty, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).


Dated: September 16, 2022

DUANE BEATY

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.



FROM: CRIM DKT

Duane Beaty
Reg. No. 55887-054 FTC OKLAHOMA CITY
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189

TO:
Ms. Ruby J. Krajick
Clerk of Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
SEP 23 2022
CLERK'S OFFICE
S.D.N.Y.

UNITED STATES
POSTAL SERVICE®

Retail

US POSTAGE PAID
$8.95

Origin: 77070
09/21/22
4800420059-01

PRIORITY MAIL®

0 Lb 8.30 Oz
1004

C099

EXPECTED DELIVERY DAY: 09/24/22

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING® #

9505 5104 4802 2264 6820 54

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

OD: 12.5 x 9.5